UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>     Plaintiff,<br><br>  v.<br><br>HARRIET MIERS and<br>JOSHUA BOLTEN, in his capacity as custodian of White House records,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:08cv00409 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO FILE EXCESS PAGES**

  Defendants, by undersigned counsel, respectfully move this Court for leave to file their Reply in Support of Defendants' Motion to Dismiss ("Reply") in excess of the twenty-five page limitation set forth in Local Civil Rule 7(e). As grounds for this Motion, Defendants state as follows:

  1. Defendants' Reply is 57-pages in length. The Reply addresses issues of great importance for this Nation's constitutional scheme of government. Defendants have made every effort to be concise, but in order to adequately address the issues raised by Plaintiff's 77-page Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss and in Reply to Plaintiff's Motion for Partial Summary Judgment (dkt. no. 26), it is necessary to exceed the twenty-five page limitation. In the interests of justice, Defendants therefore respectfully request leave to exceed the applicable page limit as to its Reply.

2. By letter dated June 11, 2008, attached hereto as Exhibit 1, Plaintiff's counsel informed counsel for Defendants that Plaintiff opposes the relief requested in this Motion. Specifically, Plaintiff does not oppose a motion to file excess pages "so long as the [reply] brief is devoted, as the parties have previously agreed, to issues raised solely by the Department's motion to dismiss the Complaint."  Ex. 1, at 1.  Plaintiff contends, however, that Defendants' Motion to Dismiss is limited to "the issues of standing, the Committee's cause of action, and the Court's discretion under the Declaratory Judgment Act," and thus the Reply should not include arguments relating to Counts I and II of the Complaint.  Ex. 1, at 1-2.

3. Defendants moved pursuant to Rules 12(b)(1) and 12(b)(6) for an order dismissing the Complaint for the reasons stated in its Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss and in Opposition to Plaintiff's Motion for Partial Summary Judgment on Counts I and II.  Defs. Mot. to Dismiss & Mem. (dkt. no. 16). Defendants' Memorandum clearly states that if the Court were to disagree with Defendants' threshold jurisdiction and justiciability arguments, Defendants seek to dismiss Counts I and II. E.g., Defs.' Mem. at 5 ("*Even if this Court somehow were to reach the merits of this case, Counts I and II . . . should still be dismissed as a matter of law.*") (emphasis added); id. at 47 ("*Count I of the Complaint . . . must be dismissed for a separate and independent reason: as a senior adviser to the President, Defendant Miers is absolutely immune from compelled congressional testimony.*") (emphasis added); id. at 62 ("*If the Court reaches the merits of this dispute, it should also dismiss Count II of the Complaint. . . .*") (emphasis added).  Plaintiff's contention that Defendants did not move to dismiss Counts I and II is thus manifestly without

merit.[1]  Accordingly, Defendants' Reply properly includes arguments in support of its Motion to Dismiss those Counts.

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion.

Dated: June 12, 2008                    Respectfully submitted,

                                        GREGORY G. KATSAS
                                        Acting Assistant Attorney General

                                        CARL J. NICHOLS
                                        Principal Deputy Associate Attorney General

                                        JOHN C. O'QUINN
                                        Deputy Associate Attorney General

                                        JOSEPH H. HUNT
                                        Director, Federal Programs Branch

                                        /s/
                                        JOHN R. TYLER (D.C. Bar No. 297713)
                                        JAMES J. GILLIGAN (D.C. Bar No. 422152)
                                        NICHOLAS A. OLDHAM (D.C. Bar No. 484113)
                                        HELEN H. HONG (CA SBN 235635)
                                        STEPHEN J. BUCKINGHAM
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue, N.W.
                                        Washington, DC  20530
                                        Telephone: (202) 514-2000

                                        ATTORNEYS FOR DEFENDANTS

---

[1] In its Unopposed Motion to File Brief Exceeding Page Limit (dkt. no. 25), Plaintiff asserts that Defendants' Memorandum used 11.5 point font, and Plaintiff reiterates this assertion in its letter to Defendants' counsel. Ex. 1, at 1 n.1.  Plaintiff's assertion is simply untrue: Defendants used 12 point font for its Memorandum as well as for its Reply.

COMMITTEE ON THE JUDICIARY
UNITED STATES HOUSE OF REPRESENTATIVES
v. HARRIET MIERS, *et al.*, Case No. 1:08-cv-00409 (JDB)

# EXHIBIT 1

IRVIN B. NATHAN
GENERAL COUNSEL

KERRY W. KIRCHER
DEPUTY GENERAL COUNSEL

CHRISTINE DAVENPORT
ASSISTANT COUNSEL

JOHN D. FILAMOR
ASSISTANT COUNSEL

RICHARD A. KAPLAN
ASSISTANT COUNSEL

KATHERINE E. McCARRON
ASSISTANT COUNSEL

**U.S. HOUSE OF REPRESENTATIVES**
OFFICE OF THE GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

June 11, 2008

**BY FAX AND ELECTRONIC MAIL**

Nicholas A. Oldham, Esq.
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530

Dear Mr. Oldham:

    I write in response to your request via telephone today for the Committee on the Judiciary of the U.S. House of Representatives ("Committee") to consent to the Department's filing a reply memorandum of approximately sixty pages, exceeding the twenty-five page limit provided by Local Rule 7. As I explained during our conversation, we do not object to a reply memorandum that modestly exceeds the twenty-five page limit so long as the brief is devoted, as the parties have previously agreed, to issues raised solely by the Department's motion to dismiss the Complaint. The Committee does object, however, to inclusion in this reply memorandum of any arguments that amount to a second opposition to the Committee's motion for partial summary judgment on Counts I and II of the Complaint. In our view, that approach is contrary to the parties' original understandings and submissions to the Court, the local rules, the Court's scheduling order and the subsequent agreements of the parties in this matter.

    As you are well aware, on May 8, 2008, the Department requested the Committee's consent to file a brief exceeding the page limit set forth by Local Rule 7(e). With the understanding that the Department's filing would combine its motion to dismiss with its opposition to the Committee's motion for partial summary judgment on Counts I and II of its Complaint, the Committee consented to, and the Department filed, a seventy-four page memorandum the following day.[1]

    The Department's motion to dismiss expressly states that the Department "move[s] this Court for an order dismissing the Complaint." There is no alternative motion to dismiss solely Counts I and II of the Complaint, and indeed, the motion does not even mention Counts I and II. The motion is addressed to the <u>entire Complaint</u>. The only arguments raised in the Department's

---

[1] It should be noted that the Department's memorandum was filed in an 11.5-point typeface, and thus in the standard 12-point typeface, the Department's memorandum was approximately eighty pages.

Nicholas A. Oldham, Esq.
June 11, 2008
Page 2

memorandum that would enable such complete dismissal – arguments concerning the Committee's standing (Defs.' Br. Part I), the Committee's cause of action (Defs.' Br. Part II) and the Court's discretion under the Declaratory Judgment Act (Defs.' Br. Part III) – are what the Committee considered to be the Department's motion to dismiss. The Department's arguments in its memorandum concerning Counts I and II of the Committee's Complaint – requiring the witness to appear and assert a qualified privilege (Defs.' Br. Part IV) and requiring the production of privilege logs (Defs.' Br. Part V) – are clearly the Department's opposition to the Committee's motion for partial summary judgment on those counts. Because the first three issues are the only ones that could dismiss the Complaint as a whole, it is clear that the scope of the Department's motion to dismiss is so limited.

By filing its proposed memorandum, the Department will be violating the spirit of the parties' mutual agreement to develop a schedule to accommodate the anticipated cross-motions. As it stands now, should the Department file a new memorandum answering the Committee's reply to the Department's opposition to the Committee's initial arguments concerning Counts I and II, the Department unquestionably would be violating Local Rule 7 by taking a second bite at the apple and be filing an additional opposition not contemplated by the parties' agreement as sanctioned by the Court. The Department's attempt to style its second opposition to the Committee's motion for partial summary judgment as merely part of a reply regarding its motion to dismiss is thus specious. Should the Department believe that it has additional points to raise in response to the Committee's reply to the Department's opposition, it certainly may do so during the generous amount of time the Court has indicated it will allot for oral argument on June 23, 2008.

Moreover, the Committee consented to the Department's filing of the Department's original overlength memorandum with the understanding that the Department would need the additional space to discuss its arguments opposing the Committee's motion for partial summary judgment. Had the Committee been aware that the Department would then seek an additional thirty-five pages to follow up on these arguments in its final filing – more than one hundred percent of what is permitted under the Local Rules – it would not have granted such consent.

To be clear, the Committee does not oppose a modest extension of the page limit insofar as it concerns the Department's motion to dismiss – *i.e.*, the issues of standing, the Committee's cause of action, and the Court's discretion under the Declaratory Judgment Act. As detailed above, however, the Department is not permitted to revisit and file a second opposition on the issues concerning the Committee's motion for partial summary judgment and certainly should not be granted excess pages to do so.

Sincerely,

Irvin B. Nathan
General Counsel

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>Plaintiff,<br><br>v.<br><br>HARRIET MIERS and<br>JOSHUA BOLTEN, in his capacity as custodian of White House records,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:08cv00409 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

HAVING CONSIDERED the Defendants' Motion to File Excess Pages, it is hereby this

___ day of _____ 2008, **ORDERED** that Defendants' Motion to File Excess Pages

is **GRANTED**.


_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE