IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:08-cv-00409 (JDB) |
| HARRIET MIERS, *et. al* ) | |
| Defendants. ) | |

**REPLY MEMORANDUM OF
AMICI CURIAE REPRESENTATIVES JOHN BOEHNER, ROY BLUNT,
LAMAR SMITH, AND CHRIS CANNON**

**IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND IN SUPPORT OF DISMISSAL WITHOUT PREJUDICE**

**ARGUMENT**

On June 12, 2008, Amici Representatives John Boehner, Roy Blunt, Lamar Smith, and Chris Cannon (the "House Amici") moved the Court for leave to file a reply memorandum opposing the Plaintiff's motion for partial summary judgment and supporting dismissal without prejudice.[1] The House Amici believe that their reply will assist the Court in its consideration of this case. For example, the reply addresses important points concerning jurisdiction and remedy about which no party offers significant briefing. The reply also resolves questions raised by the fact that the Plaintiff and some amici have misconstrued arguments offered by the House Amici in their opening memorandum.[2] Accordingly, the House Amici believe that the requested leave should be granted.

---

[1] Motion of Amici Curiae Representatives John Boehner, Roy Blunt, Lamar Smith, and Chris Cannon for Leave to File a Reply Memorandum of Amici Curiae in Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Dismissal Without Prejudice (June 12, 2008).

[2] See Reply Memorandum of Amici Curiae Representatives John Boehner, Roy Blunt, Lamar Smith, and Chris Cannon in Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Dismissal Without Prejudice at 7-10 and n.8 (June 12, 2008) ("Amici Reply").

The Plaintiff has opposed the House Amici's motion,[3] but for reasons that are unpersuasive. Leave to file an amici reply is permitted by the Court's local rules and finds precedent in cases involving issues substantially less significant than those presented by the instant case. See Gold v. State Plaza, Inc., 435 F. Supp. 2d 110 (D.D.C. 2006); Nat'l Ass'n of Home Builders v. Evans, No. 00-CV-2799, 2002 WL 1205743 (D.D.C. April 30, 2002). While the Plaintiff points to the increasing restrictiveness in amici reply practice as cases ascend the appellate ladder,[4] such restrictions in the higher courts are not inconsistent with more liberal practice in the trial courts. Indeed, that is particularly the case when amici seek to alert the trial court to issues of jurisdiction and grounds of decision that will help it to avoid issues of constitutional dimension.[5] It is also the case when amici offer the Court briefing that will help it to avoid becoming embroiled in a partisan dispute between the political branches.

The Plaintiff also erroneously suggests that the House Amici's reply offers nothing new and addresses only ripeness, and that the Defendants are already adequately represented.[6] The House Amici's reply addresses, not only ripeness, but declaratory relief issues, and it points the Court to the potential for a negotiated solution under the Court's supervision, following the D.C. Circuit's precedent in United States v. AT&T, 551 F.2d 384 (D.C. Cir. 1976).[7] Moreover, whether the Defendants are adequately represented is not the point. The House Amici do not appear to assert the interests of Defendants. They appear to protect the institutional and oversight prerogatives of the House of Representatives from an unnecessary, premature judicial

---

[3] Opposition of Plaintiff Committee on the Judiciary to Motion of Amici Curiae Representatives John Boehner, Roy Blunt, Lamar Smith, and Chris Cannon for Leave to File a Second Amicus Brief (June 13, 2009) ("Plaintiff's Opp.").
[4] Plaintiff's Opp. at 2.
[5] Cf. United States v. House of Representatives, 556 F. Supp. 150, 152 (D.D.C. 1983) ("Courts have a duty to avoid unnecessarily deciding constitutional issues.").
[6] Plaintiff's Opp. at 2-3.
[7] See Amici Reply at 13-16.

decision.  They do so, moreover, to assist the Court in resolving jurisdictional and remedial questions that the parties have not raised.

Finally, the Plaintiff incorrectly suggests that it will have no opportunity to reply.[8]  The Plaintiff could easily have moved the Court for leave to file a sur-reply, and the Plaintiff is in any case assured of a generous reply opportunity at oral argument, pursuant to the terms of the Court's June 16, 2008 minute order.  The more important issue, furthermore, is not whether the Plaintiff has the last word, but whether the Court can benefit from the House Amici's reply as it considers whether or not it has jurisdiction and whether, if it has jurisdiction, it should issue declaratory relief that could forever alter the rules of engagement between the political branches.

## CONCLUSION

For all of the above reasons, the Court should grant leave to the House Amici to file the reply brief they have submitted to the Court.

                        Respectfully submitted,

                        /s/  Daniel M. Flores
                        DANIEL M. FLORES
                        (D.C. Bar No. 418586)
                        Republican Chief Counsel, Subcommittee on
                        Commercial and Administrative Law
                        ZACHARY N. SOMERS
                        Republican Counsel
                        Committee on the Judiciary
                        United States House of Representatives
                        Washington, D.C. 20515
                        (202) 225-6906
                        Email: daniel.flores@mail.house.gov

---

[8] See, e.g., Plaintiff's Opp. at 1-2.

- 4 -

<u>Of Counsel</u>:

JO-MARIE ST. MARTIN
(D.C. Bar No. 417264)
General Counsel to the Republican Leader
MELANIE LOONEY
Counsel to the Republican Whip
SEAN P. MCLAUGHLIN
Republican Chief Counsel,
   Committee on the Judiciary
United States House of Representatives
Washington, DC 20515
(202) 225-6906

Dated: June 20, 2008                                             Counsel for Amici Curiae

**CERTIFICATE OF SERVICE**

 I hereby certify that on June 20, 2008, the foregoing Reply Memorandum of Amici Curiae Representatives John Boehner, Roy Blunt, Lamar Smith and Chris Cannon in Support of Motion for Leave to File A Reply Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Dismissal Without Prejudice was electronically filed with the Court's CM/ECF system, which will generate automatic service of such filing upon all parties registered to receive such notice.

                /s/ Zachary N. Somers
                Zachary N. Somers