**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, UNITED STATES HOUSE OF REPRESENTATIVES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:08cv00409 (JDB) |
| HARRIET MIERS and JOSHUA BOLTEN, in his capacity as custodian of White House records, | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION FOR A STAY OF THE
COURT'S JULY 31, 2008 ORDER [48] PENDING APPEAL**

Defendants have filed a notice of appeal from this Court's July 31, 2008 Order and now respectfully ask this Court for a stay pending appeal. Defendants intend to ask the court of appeals to expedite its consideration of the appeal, and likewise request that this Court give expedited consideration to this stay motion.

The Court's Order provides that Ms. Miers, a close Presidential adviser for whom absolute immunity from compelled congressional testimony has been asserted, "is legally required to testify pursuant to a duly issued congressional subpoena." Order [48] ¶ 3. The Court's decision further specifies that Congress has issued such a subpoena, Mem. Op. [49] at 12, and that Ms. Miers "must appear before the Committee to provide testimony." Id. at 91. Accordingly, whether described as a declaration or an injunction, the Court's Order has the practical effect of compelling Ms. Miers to appear before the Committee on the basis of a subpoena that has already been issued. The Court's Order also orders Mr. Bolten and Ms. Miers to produce "all non-privileged documents requested by the applicable subpoenas" and to provide

a "specific description of any documents withheld from production on the basis of executive privilege." Order [48] ¶ 4.

Absent a stay, the Court's Order will not only negate the absolute immunity that has been asserted, but have immediate and significant collateral impacts as well. Shortly after this Court issued its decision, the Committee demanded from defendants immediate compliance with the Committee's subpoenas, including the compelled testimony of Ms. Miers, and the disclosure within one week of a more detailed description and list of any documents withheld.[1]  In addition, following the decision, other members of the Legislative Branch are seeking to have other close Presidential advisers comply with other Congressional subpoenas for documents or testimony, or to provide specific descriptions of withheld documents.[2]  In order to preserve an opportunity for meaningful appellate review, defendants therefore respectfully request that the Court stay its Order pending appeal.

A stay pending appeal would plainly be warranted in a case involving the denial of an assertion of qualified immunity from suit or an order requiring the disclosure of descriptive information to which defendants contend the plaintiff is not entitled during the pendency of an appeal.  See, e.g., Mitchell v. Forsyth, 472 U.S. 511, 525 (1985) ("Thus, the denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct

---

[1]  See Ex. 1 (Aug. 1, 2008 Letter from Chairman Conyers to Mr. Fielding); Ex. 2 (Aug. 1, 2008 Letter from Chairman Conyers to Mr. Manning).

[2]  See Ex. 3 (July 31, 2008 Letter from Chairman Leahy to Mr. Luskin); Ex. 4 (July 31, 2008 Letter from Chairman Leahy to Mr. Fielding); Ex. 5 (Aug. 5, 2008 Letter from Chairman Waxman to Attorney General); Ex. 6 (Aug. 5, 2008 Letter from Chairman Waxman to Mr. Johnson); Ex. 7 (Chairman Waxman to Ms. Dudley).

in a civil damages action."); <u>John Doe Agency v. John Doe Corp.</u>, 488 U.S. 1306, 1309 (1989)

(Marshall, J.) (granting stay of agency obligation to produce <u>Vaughn</u> index during certiorari

proceedings because "disclosure would moot that part of the Court of Appeals' decision

requiring disclosure of the <u>Vaughn</u> index[,]" which "would also create an irreparable injury").

The settled justifications for granting a stay pending appeal in those situations are only

magnified in this case given the "extraordinary constitutional significance" (Mem. Op. [49] at 1)

of the questions presented and the inter-branch nature of this suit.

 As explained below, moreover, the traditional factors all point decisively in favor of

granting a stay pending appeal.  First, while this Court has rejected the defendants' threshold

arguments concerning the judicial limits on entertaining this suit and assertion of absolute

immunity, the Court's 93-page decision itself leaves little doubt that this case, at a minimum,

presents questions so "serious, substantial, difficult and doubtful, as to make them a fair ground

for litigation and thus for more deliberative investigation." <u>Washington Metro. Area Transit</u>

<u>Comm'n v. Holiday Tours, Inc.</u>, 559 F.2d 841, 844 (D.C. Cir. 1977).  Second, defendants would

suffer immediate and irreparable harm if a stay is not granted, because having to comply with the

Court's Order "requir[ing]" Ms. Miers to testify before the Committee and both defendants to

disclose even "specific description[s]" of documents subject to the subpoenas at issue would

deprive defendants of an effective appeal of the fundamental issues presented.  Order [48] ¶¶ 3,

4.  Third, any harm alleged by the Committee by a stay could not match the irreparable harm

faced by defendants if they do not obtain a stay and, in any event, would be offset by the

expedition that defendants intend to seek.  Fourth, whatever the proper resolution of the

extraordinarily important questions presented, the public interest clearly favors further

consideration of issues before defendants are required to take actions that may forever alter the
constitutional balance of separation of powers.

A stay pending appeal would be appropriate in a routine case presenting the denial of a
claim of immunity.  The "extraordinary constitutional significance" of this case (Mem. Op. [49]
at 1) only underscores the appropriateness of such a stay here.  Compliance with the Court's
Order would mark the first time in our Nation's history that a close Presidential adviser would be
"required" to testify before Congress on compulsion of a judicial order, or that the Executive
Branch would be required to produce a detailed description of documents to Congress pursuant
to Court order.  Order [48] ¶ 3.  At a minimum, before such an extraordinary order is given
effect, the Executive should be afforded an opportunity for expedited consideration by the court
of appeals.

## ARGUMENT

A stay pending appeal to preserve the status quo is appropriate where a party can show
(1) a "substantial case on the merits"; (2) a likelihood that it will be irreparably harmed absent a
stay; (3) a diminished prospect that other parties will be substantially harmed if the court grants a
stay; and (4) a public interest in granting a stay.  Hilton v. Braunskill, 481 U.S. 770, 778 (1987);
see also Holiday Tours, 559 F.2d at 843.  None of the factors is dispositive; "a stay may be
granted with either a high probability of success and some injury, or vice versa."  Cuomo v.
United States Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985).  Thus, a stay is
justified where a party can show the possibility of irreparable injury in combination with
"'questions going to the merits so serious, substantial, difficult and doubtful, as to make them a
fair ground for litigation and thus for more deliberative investigation.'"  Holiday Tours, 559 F.2d
at 844 (quoting with approval Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d

Cir. 1953)); <u>see also</u> <u>Ctr. for Int'l Environ. Law v. OSTR</u>, 240 F. Supp. 2d 21, 22 (D.D.C. 2003)

(granting a stay pending appeal where case presented novel and "admittedly difficult legal

question" of first impression).  Those factors point decisively in favor of a stay here.

**I.      This Case Presents Extraordinarily Important And Difficult Legal Questions Of First Impression Regarding The Constitutional Separation Of Powers**

This Court knows well the "issues of extraordinary constitutional significance" presented

in this matter.  Mem. Op. [49] at 1; <u>see id.</u> at 20 ("important separation of powers concerns are

implicated" in this case); <u>id.</u> at 72 ("whatever way this Court decides the issue before it may

impact the balance between the political branches in this and future settings"); <u>id.</u> at 75 ("both

sides agree that this case raises issues of enormous 'public importance'"); <u>id.</u> at 78 (this is "a

case that presents important legal questions").  Without belaboring each of them, the questions

presented are, at a minimum, so "serious, substantial, difficult and doubtful, as to make them a

fair ground for litigation and thus for more deliberative investigation."  <u>Holiday Tours</u>, 559 F.2d

at 844.  Their significance and complexity alone militate heavily in favor of a stay.

In its Opinion, the Court resolved a number of important threshold questions concerning

its authority to entertain this action.  The first issue, whether the Committee may properly invoke

the authority of an Article III court to resolve this dispute between the political branches,

"assumes particular importance in ensuring that the Federal Judiciary respects 'the proper—and

properly limited—role of the courts in a democratic society.'"  <u>DaimlerChrysler v. Cuno</u>, 547

U.S. 332, 340-341 (2006).  The threshold standing requirement is a core element of Article III's

case-or-controversy requirement and, as the Supreme Court has explained, "[i]f a dispute is not a

proper case or controversy, the courts have no business deciding it, or expounding the law in the

course of doing so."  <u>Ibid.</u>  Under the limits on standing recently recognized in <u>Raines v. Byrd</u>,

521 U.S. 811 (1997), there is, at the least, a substantial and difficult question for appellate review concerning whether the Committee has met its burden of satisfying the case-or-controversy requirement in this case. The seriousness of that question is underscored by the fact that in an almost 200-year history, inter-branch disputes of this kind over access to information have not been of the "sort traditionally amenable to, and resolved by, the judicial process." Vt. Agency of Natural Res. v. United States ex rel Stevens, 529 U.S. 765, 777 (2000).

Further, as the Court recognized, there is at least "ambiguity surrounding the applicable case law" concerning whether the Committee has asserted an appropriate cause of action.  Mem. Op. [49] at 48; see also id. at 45 ("[T]he Executive identifies authority that casts some doubt upon the Committee's contentions."); and at 46 ("Nevertheless, both Buck and Okpalobi do lend some support to the Executive's proposed reading of the DJA."). As the Court recognized, several other courts have held that "the DJA 'creates a remedy, not a cause of action.'"  Mem. Op. [49] at 45 (quoting Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007)); see id. at 45-47. Moreover, no court has inferred a cause of action under Article I of the Constitution to enforce a subpoena and, particularly given the Supreme Court's recent admonitions against inferring new causes of action, see Wilkie v. Robbins, 127 S. Ct. 2588 (2007); Alexander v. Sandoval, 532 U.S. 275 (2001), the Court's decision is at least susceptible to serious debate. And on the related question of the propriety of the courts' exercise of equitable power to entertain this kind of extraordinary inter-branch dispute, the Court acknowledged "force to the Executive's position," even though it ultimately concluded that intervention here would be appropriate. Id. at 72.

The serious nature and difficulty of the threshold questions concerning the authority of the courts to entertain this action alone warrant a stay, because if the court of appeals resolved

any of those issues in favor of defendants then it would obviate the need to reach the questions of immunity or document production and description (and require vacatur of those parts of the Court's decision).  In any event, the Court's rejection of defendants' claim that senior Presidential advisers are absolutely immune from testimonial compulsion before Congress and the claim that Congress may not invoke the power of an Article III court to resolve disputes over documents also warrants appellate consideration before the Court's Order is given effect.

## II.    Denying A Stay Would Deprive Defendants Of Effective Appellate Review

A stay is also necessary to prevent irreparable harm.  If Ms. Miers were required to appear before the Committee, and defendants were compelled to furnish a more detailed description to the Committee of documents they have withheld, the very constitutionally based protections that have been asserted and the relief that defendants seek on appeal would be vitiated by compliance beforehand with the Order's terms.  In like circumstances, courts have consistently found irreparable harm and issued stays in order to afford for effective appellate review.  And the Supreme Court has similarly observed that, in order to protect the assertion of immunity, an appeal is warranted at the "earliest possible stage."  Scott v. Harris, 127 S. Ct. 1769, 1774 n.2 (2007) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.").

In the context of civil suits, absolute immunity "is an immunity from suit rather than a mere defense to liability," and "is effectively lost if a case is erroneously permitted to go to trial."  Mitchell, 472 U.S. at 526.  As a result, courts have held that denials of motions seeking dismissal of suits on the ground of immunity are immediately appealable, and cases have then been stayed in order to allow appellate panels to answer whether an official is subject to the burdens of discovery and trial.  See id.; see also Harlow v. Fitzgerald, 457 U.S. 800, 817-18

(1982) (even qualified immunity claims are immediately appealable so that government officials are not subjected "either to the costs of trial or to the burdens of broad-reaching discovery"). Similarly, in the Eleventh Amendment immunity context, district courts have stayed proceedings in order to allow an appellate court to consider whether a state may be sued at all in federal court. See, e.g., Goshtasby v. Bd. of Trustees of the Univ. of Illinois, 123 F.3d 427, 428 (7th Cir. 1997). As one court has explained, "if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending." Id.

The same principles apply with equal, if not greater, force to require a stay here. If the Order is not stayed, and Ms. Miers must appear before the Committee, then the claim of immunity will have been "effectively lost." Mitchell, 472 U.S. at 526. Declining to stay the Order would impose the very harm—compelled appearance of the President's closest advisors—that the defendants say the Constitution prohibits, and which they seek to appeal. A stay would simply preserve that independent functioning and immunity—here, for a close Presidential adviser—if it is vindicated on appeal. Absent a stay, defendants would be unable to undo the harm caused by complying with the Court's Order, even were they to subsequently prevail.

Similarly, compliance with the provisions of the Order regarding the withheld documents would risk irreparable loss of defendants' right to appeal the Court's ruling that the Committee possesses a judicially enforceable right to compel compliance with its Congressional subpoenas. Significantly, this Court has acknowledged that it "does not have a ready ground by which to force the Executive" to provide to the Committee a detailed description of documents withheld, as a matter of any Article I power of Congress. Mem. Op. [49] at 92. Rather, it has ordered the

production of the detailed description in connection with <u>judicial</u> proceedings in order to provide a way for the Court to evaluate any dispute over privilege claims going forward. <u>Id.</u> In the motion before the Court, however, the Committee did not seek to have the Court compel production of any documents. It sought only an order requiring defendants to furnish a detailed description directly to the Committee—relief the Court found no legal basis to award. If defendants prevail in pressing their threshold arguments on appeal, continued proceedings will be unnecessary and the Court will not require any description to evaluate privilege claims in connection with Counts III and IV of the Complaint. Thus, defendants face the possibility of irreparable harm from disclosing information that they contend Congress is not entitled to obtain by judicial order.

As courts have held in analogous circumstances, "disclosure would moot that part of the [lower court's] decision requiring disclosure of a <u>Vaughn</u> index" (or a log or documents), and "would also create an irreparable injury." <u>John Doe Agency</u>, 488 U.S. at 1309; <u>see also</u> <u>Ctr. for Int'l Environ. Law</u>, 240 F. Supp. 2d at 22 ("[D]efendants have made a strong showing of irreparable harm because disclosure of the documents in question will render any appeal moot."); <u>id.</u> at 23 ("This strong showing of irreparable harm—de facto deprivation of the basic right to appeal—further strengthens defendant's argument for a stay pending appeal").[3]

_____

[3] There are significant differences presented in this case from ordinary FOIA or subpoena enforcement cases. Unlike FOIA or subpoena enforcement matters governed by statute, there is no clearly established law that the Committee may rely on to demonstrate a judicially enforceable right to compel documents from the Executive—privileged or unprivileged—for Congressional use. Thus, though some cases may suggest that an order requiring disclosure of non-privileged records or a <u>Vaughn</u> index or log does not generate irreparable harm adequate to support a stay, that is because there is no question in those cases that the court may otherwise enforce document requests pursuant to an administrative subpoena or FOIA request. <u>See, e.g.</u>, <u>United States v. Lee, Goddard & Duffy</u>, 553 F. Supp. 2d 1164, 1168-69 (C.D. Cal. 2008). Here, by contrast, defendants seek to preserve for appeal the ability to

Compelled disclosure of a detailed description of documents would irreparably harm defendants and interfere with their right to meaningfully appeal whether the courts may entertain suits like this one. That irreparable harm may be prevented by the issuance of a stay pending appellate review.

## III.    The Committee Will Not Be Substantially Harmed By An Expedited Appeal

This Court is aware of the Committee's likely arguments about harm the Committee might suffer if compliance with the Court's Order were delayed pending appeal. See Mem. Op. [49] at 75-77. However, any such harm is largely attributable to the Committee's own delay in initiating this action. It has been aware of the Executive's position in this matter since at least July 10, 2007. The Committee passed its contempt resolution on July 25, 2007; yet, the House did not vote on a resolution until over six months had passed in February 2008. Such delay belies any claim of irreparable harm by the Committee. Cf. Sandoz, Inc. v. Food and Drug Admin., 439 F. Supp. 2d 26, 31 (D.D.C. 2006). In any event, the Committee's asserted harms, which are not irreparable, do not begin to "outweigh" the irreparable harm that defendants will incur if a stay is not granted. See Ctr. for Int'l Environ. Law, 240 F. Supp. 2d at 23. And such harms would be substantially mitigated by the fact that defendants, as noted, intend to seek expedited appellate review. Defendants intend to propose a briefing schedule under which they would have 30 days to file an opening brief, the Committee would have 30 days to respond, defendants would file a reply brief 14 days later, and the parties would request argument at the D.C. Circuit's first available date thereafter. Appellate briefing and argument would likely therefore conclude in October or November 2008. This expedited schedule would well-serve

argue that the Committee is not entitled to judicially-compelled disclosure of any documents or descriptions from the President's closest advisers pursuant to Congressional subpoenas.

both parties' interest in a meaningful, but expedited, resolution of the significant issues presented in this case and minimize any asserted prejudice from a stay.

**IV.    The Public's Interest In Preserving Constitutional Principles Of Separation Of Powers Would Be Well-Served By A Stay**

The public's interest would also be served by granting a stay.  As this Court observed, the issues presented "may impact the balance between the political branches in this and future settings."  Mem. Op. [49] at 72 (emphasis added).  Thus, providing defendants the opportunity to seek further review of the separation-of-powers issues implicated in this action would serve the salutary interests preserved by the separation of powers in the first instance.  See United States v. Philip Morris, 314 F.3d 612, 622 (D.C. Cir. 2003) (explaining that granting a stay to allow a party to defend its claim of privilege would serve the same public interests inherent in the privilege itself).   Moreover, "special considerations" also "control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated."  Cheney v. United States Dist. Ct., 542 U.S. 367, 385 (2004).

Likewise, granting a stay would if anything facilitate, rather than impede, inter-branch efforts to seek a meaningful accommodation.  Absent a stay pending appeal, the Committee may accept nothing short of exact compliance with the terms of the Order.  See n.1, supra.  Indeed, as discussed, the Committee has already taken steps to implement the Court's Order.  Granting a stay, by contrast, will allow the parties to attempt to seek a negotiated resolution, with full knowledge of where this Court has come down, as appellate review proceeds.  See Mem. Op. [49] at 77.  Any such resolution would be in the public interest.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' Motion for a Stay of the

Court's Order [48] Pending Appeal.  Defendants also respectfully request expedited

consideration of this motion.

Dated: August 7, 2008                              Respectfully submitted,

                                                   GREGORY G. KATSAS
                                                   Assistant Attorney General

                                                   CARL J. NICHOLS
                                                   Principal Deputy Associate Attorney General

                                                   JOHN C. O'QUINN
                                                   Deputy Assistant Attorney General

                                                   JOSEPH H. HUNT
                                                   Director, Federal Programs Branch

                                                   /s/_____
                                                   JOHN R. TYLER (D.C. Bar No. 297713)
                                                   JAMES J. GILLIGAN (D.C. Bar No. 422152)
                                                   NICHOLAS A. OLDHAM (D.C. Bar No. 484113)
                                                   HELEN H. HONG (CA SBN 235635)
                                                   STEPHEN J. BUCKINGHAM
                                                   Attorneys
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   20 Massachusetts Avenue, N.W.
                                                   Washington, DC  20530
                                                   Telephone: (202) 514-2356
                                                   Email: John.Tyler@usdoj.gov

                                                   ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF LOCAL CIVIL RULE 7(m) CONFERENCE**

Pursuant to Local Civil Rule 7(m), undersigned counsel contacted plaintiff's counsel on August 7, 2008 to determine plaintiff's position on the contents of this stay motion.  Plaintiff's counsel indicated that plaintiff opposes this request..

/s/ John R. Tyler
JOHN R. TYLER

EXHIBIT 1

JOHN CONYERS, JR., Michigan
CHAIRMAN

HOWARD L. BERMAN, California
RICK BOUCHER, Virginia
JERROLD NADLER, New York
ROBERT C. "BOBBY" SCOTT, Virginia
MELVIN L. WATT, North Carolina
ZOE LOFGREN, California
SHEILA JACKSON LEE, Texas
MAXINE WATERS, California
WILLIAM D. DELAHUNT, Massachusetts
ROBERT WEXLER, Florida
LINDA T. SANCHEZ, California
STEVE COHEN, Tennessee
HENRY C. "HANK" JOHNSON, JR., Georgia
BETTY SUTTON, Ohio
LUIS V. GUTIERREZ, Illinois
BRAD SHERMAN, California
TAMMY BALDWIN, Wisconsin
ANTHONY D. WEINER, New York
ADAM B. SCHIFF, California
ARTUR DAVIS, Alabama
DEBBIE WASSERMAN SCHULTZ, Florida
KEITH ELLISON, Minnesota

LAMAR S. SMITH, Texas
RANKING MINORITY MEMBER

F. JAMES SENSENBRENNER, JR., Wisconsin
HOWARD COBLE, North Carolina
ELTON GALLEGLY, California
BOB GOODLATTE, Virginia
STEVE CHABOT, Ohio
DANIEL E. LUNGREN, California
CHRIS CANNON, Utah
RIC KELLER, Florida
DARRELL E. ISSA, California
MIKE PENCE, Indiana
J. RANDY FORBES, Virginia
STEVE KING, Iowa
TOM FEENEY, Florida
TRENT FRANKS, Arizona
LOUIE GOHMERT, Texas
JIM JORDAN, Ohio

ONE HUNDRED TENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON THE JUDICIARY

2138 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6216

(202) 225–3951
http://www.house.gov/judiciary

August 1, 2008

**By Fax and US Mail**

Fred Fielding, Esq.
Counsel to the President
White House Counsel
The White House
1600 Pennsylvania Ave., NW
Washington, DC   20530

Dear Mr. Fielding:

I am writing to follow up on Judge Bates' ruling in the Committee's civil case seeking enforcement of the subpoena issued to White House Chief of Staff Josh Bolten regarding documents relevant to the Committee's investigation into allegations concerning the politicization of the Department of Justice.

Fred, at the outset, I want to assure you that, consistent with Judge Bates' suggestions and the course of our relationship, I am committed to working this dispute out expeditiously and without the need for further litigation.  As such, I remain ready, willing, and able to work with you cooperatively to resolve these issues, as we have attempted many times previously, and would welcome a meeting with you directly at your earliest convenience to resolve the matter.

In the meantime, Judge Bates' ruling requires production of all non-privileged documents subject to the subpoena and further requires "a specific description of any documents withheld from production on the basis of executive privilege consistent with the terms of the Memorandum Opinion."  Order at ¶ 4.  The Opinion explains that the description must include a "list" of the relevant documents as well as a "more detailed" description of their "nature and scope" than that contained in Mr. Clement's June 27, 2007 letter.  Memorandum Opinion at 92-93.

Because the parties are to appear before Judge Bates at a status conference on August 27, 2008, it is important that we move quickly on these matters.  For that reason, I hope that you will provide the non-privileged documents and the required listing and description of any documents withheld on the basis of privilege by Friday August 8, 2008.  Given that the documents have

Fred Fielding, Esq.
Page Two
August 1, 2008

already been collected, identified, and reviewed, this should be ample time.  In particular, timely production of these materials is essential so that we may have productive negotiations regarding the document issue ahead of our appearance before Judge Bates, as he has urged us to do.  See Memorandum Opinion at 77.  I have written a similar letter to Ms. Miers' attorney concerning any documents in her possession and concerning her obligation to testify before the Committee pursuant to the subpoena issued to her.

Please direct any questions or communications to the Judiciary Committee office, 2138 Rayburn House Office Building, Washington, DC 20515 (tel: 202-225-3951; fax: 202-225-7680).

Sincerely,

John Conyers, Jr.
Chairman

cc:  The Honorable Linda Sánchez
The Honorable Lamar S. Smith
The Honorable Chris Cannon
George T. Manning, Esq.
Carl Nichols, Esq.
Irvin Nathan, Esq.

EXHIBIT 2

JOHN CONYERS, JR., Michigan
CHAIRMAN

HOWARD L. BERMAN, California
RICK BOUCHER, Virginia
JERROLD NADLER, New York
ROBERT C. "BOBBY" SCOTT, Virginia
MELVIN L. WATT, North Carolina
ZOE LOFGREN, California
SHEILA JACKSON LEE, Texas
MAXINE WATERS, California
WILLIAM D. DELAHUNT, Massachusetts
ROBERT WEXLER, Florida
LINDA T. SÁNCHEZ, California
STEVE COHEN, Tennessee
HENRY C. "HANK" JOHNSON, JR., Georgia
BETTY SUTTON, Ohio
LUIS V. GUTIERREZ, Illinois
BRAD SHERMAN, California
TAMMY BALDWIN, Wisconsin
ANTHONY D. WEINER, New York
ADAM B. SCHIFF, California
ARTUR DAVIS, Alabama
DEBBIE WASSERMAN SCHULTZ, Florida
KEITH ELLISON, Minnesota

ONE HUNDRED TENTH CONGRESS

# Congress of the United States
## House of Representatives
### COMMITTEE ON THE JUDICIARY
2138 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–6216
(202) 225–3951
http://www.house.gov/judiciary

LAMAR S. SMITH, Texas
RANKING MINORITY MEMBER

F. JAMES SENSENBRENNER, JR., Wisconsin
HOWARD COBLE, North Carolina
ELTON GALLEGLY, California
BOB GOODLATTE, Virginia
STEVE CHABOT, Ohio
DANIEL E. LUNGREN, California
CHRIS CANNON, Utah
RIC KELLER, Florida
DARRELL E. ISSA, California
MIKE PENCE, Indiana
J. RANDY FORBES, Virginia
STEVE KING, Iowa
TOM FEENEY, Florida
TRENT FRANKS, Arizona
LOUIE GOHMERT, Texas
JIM JORDAN, Ohio

August 1, 2008

**By Fax and US Mail**

George T. Manning, Esq.
Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309

Dear Mr. Manning:

I am writing to follow up on Judge Bates' ruling in the Committee's civil case seeking enforcement of the subpoena issued to your client Harriet Miers. I have also written today to Mr. Fielding at the White House and I want to assure you that, consistent with Judge Bates' suggestion, I remain committed to resolving this matter on a cooperative basis and without the need for further litigation. I look forward to productive discussions dedicated to reaching such a resolution and urge you to contact me or my staff at any time to discuss these issues.

In the meantime, as you know, the ruling concludes that Ms. Miers is "legally required to testify pursuant to a duly issued congressional subpoena" and directs her to appear before the Committee in response to subpoena. Committee staff already has contacted you regarding Ms. Miers' availability in September to appear at this hearing and we look forward to working cooperatively with you on setting a mutually convenient schedule.

The ruling also requires production of any non-privileged documents subject to the subpoena that Ms. Miers may possess and to provide "a specific description of any documents withheld from production on the basis of executive privilege consistent with the terms of the Memorandum Opinion." Order at ¶ 4. The Opinion in turn requires production of a "list" of the relevant documents as well as a "more detailed" description of their "nature and scope" than that contained in Mr. Clement's June 27, 2007 letter. Memorandum Opinion at 92-93. As I have written to you previously, if Ms. Miers has never had such documents in her possession, it will be sufficient to inform us accordingly.

Because the parties are to appear before Judge Bates at a status conference on August 27, 2008, it is important that we move quickly on these matters. For that reason, I expect that we can

George T. Manning, Esq.
Page Two
August 1, 2008

promptly agree on a date for Ms. Miers' testimony and that you will comply with the opinion concerning documents. In particular, timely production of these materials is essential so that we may have productive negotiations regarding the document issue ahead of our appearance before Judge Bates, as he has urged us to do. See Memorandum Opinion at 77.

Now that Judge Bates has clarified the legal issues, I am hopeful we can move forward and work together towards a fair and efficient resolution of this matter and the completion of the Committee's investigation. As the recent Department of Justice Inspector General/Office of Professional Responsibility reports make clear, the issues under investigation are of the utmost significance to the nation.

Please direct any questions or communications to the Judiciary Committee office, 2138 Rayburn House Office Building, Washington, DC 20515 (tel: 202-225-3951; fax: 202-225-7680). I look forward to your cooperation in this matter.

Sincerely,

John Conyers, Jr.
Chairman

cc: The Honorable Linda Sánchez
    The Honorable Lamar S. Smith
    The Honorable Chris Cannon
    Fred Fielding, Esq.
    Carl Nichols, Esq.
    Irvin Nathan, Esq.

EXHIBIT 3

PATRICK J. LEAHY, VERMONT, CHAIRMAN

EDWARD M. KENNEDY, MASSACHUSETTS
JOSEPH R. BIDEN, JR., DELAWARE
HERB KOHL, WISCONSIN
DIANNE FEINSTEIN, CALIFORNIA
RUSSELL D. FEINGOLD, WISCONSIN
CHARLES E. SCHUMER, NEW YORK
RICHARD J. DURBIN, ILLINOIS
BENJAMIN L. CARDIN, MARYLAND
SHELDON WHITEHOUSE, RHODE ISLAND

ARLEN SPECTER, PENNSYLVANIA
ORRIN G. HATCH, UTAH
CHARLES E. GRASSLEY, IOWA
JON KYL, ARIZONA
JEFF SESSIONS, ALABAMA
LINDSEY O. GRAHAM, SOUTH CAROLINA
JOHN CORNYN, TEXAS
SAM BROWNBACK, KANSAS
TOM COBURN, OKLAHOMA

BRUCE A. COHEN, Chief Counsel and Staff Director
STEPHANIE A. MIDDLETON, Republican Staff Director
NICHOLAS A. ROSSI, Republican Chief Counsel

# United States Senate

COMMITTEE ON THE JUDICIARY

WASHINGTON, DC 20510–6275

July 31, 2008

Mr. Robert D. Luskin
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037

Dear Mr. Luskin:

Today, the U.S. District Court for the District of Columbia issued a ruling rejecting the administration's claims that White House advisors are immune from testifying in response to congressional subpoenas. The court's decision also reaffirmed the President's burden to provide the specific basis for any executive privilege assertions sufficient to give Congress a means to evaluate those assertions. The administration has not provided that basis despite my requests to do so for more than a year. For your convenience, I attach a copy of the court's opinion.

Your client, Karl Rove, failed to appear and testify before the Senate Judiciary Committee last August 2 in response to a subpoena I issued July 26, 2007, as part of the Committee's investigation into the firing of U.S. Attorneys. It is my understanding that Mr. Rove's failure to comply was based on an August 1, 2007, letter from White House Counsel Fred Fielding informing the Committee that the President would invoke a blanket claim of executive privilege to direct Mr. Rove not to produce responsive documents or testify before the Committee, and citing a memo from the Department of Justice's Office of Legal Counsel to assert that Mr. Rove was "immune from compelled congressional testimony" as an "immediate presidential advisor." Today's decision renders these grounds for Mr. Rove's refusal to appear and testify invalid.

Please advise me by next Thursday, August 7, when Mr. Rove will comply with the Committee's subpoena by appearing and testifying before the Committee. I attach for your reference copies of my ruling of November 29, 2007, that the White House's executive privilege and immunity claims are not legally valid to excuse Mr. Rove from testifying and producing documents, and the Committee's bipartisan resolution of December 13, 2007, finding Mr. Rove in criminal contempt of Congress.

Sincerely,

PATRICK LEAHY
Chairman

cc: The Honorable Arlen Specter

Enclosures

EXHIBIT 4

PATRICK J. LEAHY, VERMONT, CHAIRMAN

EDWARD M. KENNEDY, MASSACHUSETTS
JOSEPH R. BIDEN, JR., DELAWARE
HERB KOHL, WISCONSIN
DIANNE FEINSTEIN, CALIFORNIA
RUSSELL D. FEINGOLD, WISCONSIN
CHARLES E. SCHUMER, NEW YORK
RICHARD J. DURBIN, ILLINOIS
BENJAMIN L. CARDIN, MARYLAND
SHELDON WHITEHOUSE, RHODE ISLAND

ARLEN SPECTER, PENNSYLVANIA
ORRIN G. HATCH, UTAH
CHARLES E. GRASSLEY, IOWA
JON KYL, ARIZONA
JEFF SESSIONS, ALABAMA
LINDSEY O. GRAHAM, SOUTH CAROLINA
JOHN CORNYN, TEXAS
SAM BROWNBACK, KANSAS
TOM COBURN, OKLAHOMA

BRUCE A. COHEN, *Chief Counsel and Staff Director*
STEPHANIE A. MIDDLETON, *Republican Staff Director*
NICHOLAS A. ROSSI, *Republican Chief Counsel*

# United States Senate

COMMITTEE ON THE JUDICIARY

WASHINGTON, DC 20510–6275

July 31, 2008

Mr. Fred Fielding, Esq.
Counsel to the President
The White House
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

Dear Mr. Fielding:

Today the U.S. District Court for the District of Columbia issued a ruling rejecting the administration's claims that White House advisors are immune from testifying in response to congressional subpoenas. The court's decision also reaffirmed the President's burden to provide the specific basis for any executive privilege assertions sufficient to give Congress a means to evaluate those assertions. You have not provided that basis despite my requests to do so for more than a year. For your convenience, I attach a copy of the court's opinion.

White House Chief of Staff Joshua Bolten failed to appear before the Senate Judiciary Committee to testify and produce documents on June 28, 2007, in response to a subpoena I issued two weeks earlier, on June 13, as part of the Committee's investigation into the firing of U.S. Attorneys. It is my understanding that Mr. Bolten's failure to comply was based on a June 28, 2007, letter from you informing the Committee that the President would invoke a blanket claim of executive privilege to refuse to turn over any documents compelled by subpoenas issued by the Judiciary Committees of both houses of Congress.

In addition, your letter of August 1, 2007, was the basis for Karl Rove's failure to appear and testify before the Senate Judiciary Committee last August 2 in response to a subpoena I issued July 26, 2007 as part of the same investigation. That letter cited a memo from the Department of Justice's Office of Legal Counsel to assert that Mr. Rove was "immune from compelled congressional testimony" as an "immediate presidential advisor."

Today's decision renders the grounds for Mr. Bolten and Mr. Rove's refusal to comply with the Committee's subpoenas invalid.

Please advise me by next Thursday, August 7, when Mr. Bolten will comply with the Committee's subpoena by appearing, testifying and producing documents. Please also advise me when you will be rescinding your August 1 letter regarding the subpoena to Mr. Rove.

Mr. Fred Fielding, Esq.
July 31, 2008
Page 2 of 2

I attach for your reference copies of my ruling of November 29, 2007, that the White House's executive privilege and immunity claims are not legally valid to excuse Mr. Bolten and Mr. Rove from testifying and producing documents, and the Committee's bipartisan resolution of December 13, 2007, finding Mr. Bolten and Mr. Rove in criminal contempt of Congress.

Sincerely,

PATRICK LEAHY
Chairman

*all the best*

cc:  The Honorable Arlen Specter

Enclosures

EXHIBIT 5

HENRY A. WAXMAN, CALIFORNIA,
CHAIRMAN

EDOLPHUS TOWNS, NEW YORK
PAUL E. KANJORSKI, PENNSYLVANIA
CAROLYN B. MALONEY, NEW YORK
ELIJAH E. CUMMINGS, MARYLAND
DENNIS J. KUCINICH, OHIO
DANNY K. DAVIS, ILLINOIS
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
DIANE E. WATSON, CALIFORNIA
STEPHEN F. LYNCH, MASSACHUSETTS
BRIAN HIGGINS, NEW YORK
JOHN A. YARMUTH, KENTUCKY
BRUCE L. BRALEY, IOWA
ELEANOR HOLMES NORTON,
    DISTRICT OF COLUMBIA
BETTY McCOLLUM, MINNESOTA
JIM COOPER, TENNESSEE
CHRIS VAN HOLLEN, MARYLAND
PAUL W. HODES, NEW HAMPSHIRE
CHRISTOPHER S. MURPHY, CONNECTICUT
JOHN P. SARBANES, MARYLAND
PETER WELCH, VERMONT
JACKIE SPEIER, CALIFORNIA

ONE HUNDRED TENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

MAJORITY  (202) 225–5051
FACSIMILE  (202) 225–4784
MINORITY  (202) 225–5074

www.oversight.house.gov

TOM DAVIS, VIRGINIA,
RANKING MINORITY MEMBER

DAN BURTON, INDIANA
CHRISTOPHER SHAYS, CONNECTICUT
JOHN M. McHUGH, NEW YORK
JOHN L. MICA, FLORIDA
MARK E. SOUDER, INDIANA
TODD RUSSELL PLATTS, PENNSYLVANIA
CHRIS CANNON, UTAH
JOHN J. DUNCAN, JR., TENNESSEE
MICHAEL R. TURNER, OHIO
DARRELL E. ISSA, CALIFORNIA
KENNY MARCHANT, TEXAS
LYNN A. WESTMORELAND, GEORGIA
PATRICK T. McHENRY, NORTH CAROLINA
VIRGINIA FOXX, NORTH CAROLINA
BRIAN P. BILBRAY, CALIFORNIA
BILL SALI, IDAHO
JIM JORDAN, OHIO

August 5, 2008

The Honorable Michael B. Mukasey
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Dear Mr. Attorney General:

On July 16, 2008, the Justice Department informed me that the President asserted executive privilege over documents relating to the White House leak of the CIA identity of Valerie Plame Wilson that were subpoenaed by the Committee on June 16, 2008. I am writing to request additional information that would assist the Committee in evaluating this claim of privilege.

In particular, I ask that you provide a specific description of each document withheld from production on the basis of executive privilege. For each document being withheld, please include (a) the type of document; (b) the subject matter of the document; (c) the date, author, and addressee; and (d) the relationship of the author and addressee to each other. Please provide this information no later than August 22, 2008.

Thank you for your attention to this matter.

Sincerely,

Henry A. Waxman
Chairman

cc:    Tom Davis
       Ranking Minority Member

EXHIBIT 6

HENRY A. WAXMAN, CALIFORNIA,
CHAIRMAN

EDOLPHUS TOWNS, NEW YORK
PAUL E. KANJORSKI, PENNSYLVANIA
CAROLYN B. MALONEY, NEW YORK
ELIJAH E. CUMMINGS, MARYLAND
DENNIS J. KUCINICH, OHIO
DANNY K. DAVIS, ILLINOIS
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
DIANE E. WATSON, CALIFORNIA
STEPHEN F. LYNCH, MASSACHUSETTS
BRIAN HIGGINS, NEW YORK
JOHN A. YARMUTH, KENTUCKY
BRUCE L. BRALEY, IOWA
ELEANOR HOLMES NORTON,
  DISTRICT OF COLUMBIA
BETTY McCOLLUM, MINNESOTA
JIM COOPER, TENNESSEE
CHRIS VAN HOLLEN, MARYLAND
PAUL W. HODES, NEW HAMPSHIRE
CHRISTOPHER S. MURPHY, CONNECTICUT
JOHN P. SARBANES, MARYLAND
PETER WELCH, VERMONT
JACKIE SPEIER, CALIFORNIA

ONE HUNDRED TENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

MAJORITY  (202) 225–5051
FACSIMILE  (202) 225–4784
MINORITY  (202) 225–5074

www.oversight.house.gov

TOM DAVIS, VIRGINIA,
RANKING MINORITY MEMBER

DAN BURTON, INDIANA
CHRISTOPHER SHAYS, CONNECTICUT
JOHN M. McHUGH, NEW YORK
JOHN L. MICA, FLORIDA
MARK E. SOUDER, INDIANA
TODD RUSSELL PLATTS, PENNSYLVANIA
CHRIS CANNON, UTAH
JOHN J. DUNCAN, JR., TENNESSEE
MICHAEL R. TURNER, OHIO
DARRELL E. ISSA, CALIFORNIA
KENNY MARCHANT, TEXAS
LYNN A. WESTMORELAND, GEORGIA
PATRICK T. McHENRY, NORTH CAROLINA
VIRGINIA FOXX, NORTH CAROLINA
BRIAN P. BILBRAY, CALIFORNIA
BILL SALI, IDAHO
JIM JORDAN, OHIO

August 5, 2008

The Honorable Stephen L. Johnson
Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC 20460

Dear Administrator Johnson:

On June 20, 2008, the Environmental Protection Agency informed me that the President asserted executive privilege with regard to EPA documents subpoenaed by the Committee on April 9 and May 5, 2008. I am writing to request additional information that would assist the Committee in evaluating this claim of privilege.

In particular, I ask that you provide a specific description of each document withheld from production on the basis of executive privilege. For each document being withheld, please include (a) the type of document; (b) the subject matter of the document; (c) the date, author, and addressee; and (d) the relationship of the author and addressee to each other. Please provide this information no later than August 22, 2008.

Thank you for your attention to this matter.

Sincerely,

Henry A. Waxman
Chairman

cc:    Tom Davis
       Ranking Minority Member

EXHIBIT 7

HENRY A. WAXMAN, CALIFORNIA,
CHAIRMAN

EDOLPHUS TOWNS, NEW YORK
PAUL E. KANJORSKI, PENNSYLVANIA
CAROLYN B. MALONEY, NEW YORK
ELIJAH E. CUMMINGS, MARYLAND
DENNIS J. KUCINICH, OHIO
DANNY K. DAVIS, ILLINOIS
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
DIANE E. WATSON, CALIFORNIA
STEPHEN F. LYNCH, MASSACHUSETTS
BRIAN HIGGINS, NEW YORK
JOHN A. YARMUTH, KENTUCKY
BRUCE L. BRALEY, IOWA
ELEANOR HOLMES NORTON,
   DISTRICT OF COLUMBIA
BETTY McCOLLUM, MINNESOTA
JIM COOPER, TENNESSEE
CHRIS VAN HOLLEN, MARYLAND
PAUL W. HODES, NEW HAMPSHIRE
CHRISTOPHER S. MURPHY, CONNECTICUT
JOHN P. SARBANES, MARYLAND
PETER WELCH, VERMONT
JACKIE SPEIER, CALIFORNIA

ONE HUNDRED TENTH CONGRESS

# Congress of the United States
## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

MAJORITY   (202) 225–5051
FACSIMILE  (202) 225–4784
MINORITY   (202) 225–5074

www.oversight.house.gov

TOM DAVIS, VIRGINIA,
RANKING MINORITY MEMBER

DAN BURTON, INDIANA
CHRISTOPHER SHAYS, CONNECTICUT
JOHN M. McHUGH, NEW YORK
JOHN L. MICA, FLORIDA
MARK E. SOUDER, INDIANA
TODD RUSSELL PLATTS, PENNSYLVANIA
CHRIS CANNON, UTAH
JOHN J. DUNCAN, JR., TENNESSEE
MICHAEL R. TURNER, OHIO
DARRELL E. ISSA, CALIFORNIA
KENNY MARCHANT, TEXAS
LYNN A. WESTMORELAND, GEORGIA
PATRICK T. McHENRY, NORTH CAROLINA
VIRGINIA FOXX, NORTH CAROLINA
BRIAN P. BILBRAY, CALIFORNIA
BILL SALI, IDAHO
JIM JORDAN, OHIO

August 5, 2008

The Honorable Susan E. Dudley
Administrator
Office of Information and Regulatory Affairs
Office of Management and Budget
725 17th Street, NW
Washington, DC 20503

Dear Ms. Dudley:

On June 20, 2008, the Office of Management and Budget informed me that the President asserted executive privilege with regard to documents subpoenaed by the Committee on April 16, 2008. I am writing to request additional information that would assist the Committee in evaluating this claim of privilege.

In particular, I ask that you provide a specific description of each document withheld from production on the basis of executive privilege. For each document being withheld, please include (a) the type of document; (b) the subject matter of the document; (c) the date, author, and addressee; and (d) the relationship of the author and addressee to each other. Please provide this information no later than August 22, 2008.

Thank you for your attention to this matter.

Sincerely,

Henry A. Waxman
Chairman

cc:   Tom Davis
      Ranking Minority Member

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

COMMITTEE ON THE JUDICIARY, UNITED )
STATES HOUSE OF REPRESENTATIVES, )
                                      )
                     Plaintiff, )
                                      )
           v. )  Civil Action No. 1:08cv00409 (JDB)
                                      )
HARRIET MIERS and )
JOSHUA BOLTEN, in his capacity as custodian )
of White House records, )
                                      )
                 Defendants. )
_____ )

## [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR A STAY OF THE COURT'S JULY 31, 2008 ORDER [48] PENDING APPEAL

       Upon consideration of Defendants' Motion for a Stay of the Court's July 31, 2008 Order

[48] Pending Appeal, any opposition thereto, and the arguments made therein, it is hereby

       ORDERED that Defendants' Motion for a Stay of the Court's July 31, 2008 Order [48]

Pending Appeal be, and hereby is, GRANTED.  It is further

       ORDERED that the effect of the Court's Order [48] be, and hereby is, STAYED.

       Dated this _____ day of _____, 2008.


                                   _____
                                   HONORABLE JOHN D. BATES
                                   United States District Court Judge