IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY,<br>UNITED STATES HOUSE<br>OF REPRESENTATIVES,<br><br>        *Plaintiff,*<br><br>    v.<br><br>HARRIET MIERS, *et al.*,<br><br>        *Defendants.* | Civil Action No. 1:08-cv-00409 (JDB)<br><br>**FILED**<br>JAN 1 3 2009<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S DISTRICT COURT |

**STIPULATION AND ORDER**

WHEREAS the Court issued an order in the above-captioned proceeding on July 31, 2008;

WHEREAS the order is on appeal in Civil Appeal No. 08-5357 (D.C. Cir.);

WHEREAS presidential records transfer into the legal custody of the Archivist of the United States at the conclusion of a President's term of office under the Presidential Records Act ("PRA"), 44 U.S.C. §§ 2201-2207;

WHEREAS the originals of the materials responsive to plaintiff's subpoenas to the defendants are presidential materials for the Administration of George W. Bush subject to the PRA, and accordingly will be boxed, labeled, segregated and sent to the Archivist of the United States for preservation on or before January 20, 2009;

WHEREAS established litigation deadlines set in Civil Appeal No. 08-5357 (D.C. Cir.) may require ready access to the materials responsive to plaintiff's subpoenas;

WHEREAS the plaintiff seeks to ensure the continuing availability of the materials responsive to the plaintiff's subpoenas beyond the close of the Administration of George W.

Bush in the event of an ultimate judicial determination that the materials must be produced to the plaintiff or in the event the incoming President requests access to the materials in order to conduct the business of his office in connection with this litigation;

WHEREAS the original versions of the subpoenaed materials may ultimately be needed by the parties to the litigation following the resolution of the pending appeal by the defendants;

AND WHEREAS the volume of materials in this case would not impose an undue burden upon defendants to create a copy set of the materials responsive to plaintiff's subpoenas.

NOW THEREFORE, the parties by their undersigned counsel, hereby stipulate and agree as follows, and the Court so ORDERS:

1. Defendants will create a copy set of all materials responsive to the subpoenas, including both paper and electronic documents, in hard copy format to be stored, segregated, and maintained at the White House for use in this litigation until this litigation is finally resolved.

2. The White House will place the originals of these materials in boxes thereafter sealed and labeled: "Documents Responsive to Congressional Subpoenas in the Matter of _Committee on the Judiciary v. Harriet Miers_ CA No. 1:08-cv-00409 (JDB)" and send the boxes to the Archivist of the United States at a facility operated by the National Archives and Records Administration in Washington, D.C.

3. The White House shall make provisions to ensure the Archivist maintains the original set of materials responsive to the subpoenas intact at a facility in Washington, D.C. until this litigation is finally resolved, under appropriate security and in a manner that will enable ready access to the materials, if necessary. Attached as Exhibit A are letters between the Archivist and the Counsel to the President, memorializing this agreement.

4. The White House shall make provisions to ensure that, if the original set of materials responsive to the subpoenas is requested in writing by the incoming Administration in connection with this litigation, the Archivist shall provide a certified copy of such original materials upon receipt of the written request as expeditiously as possible. Any such certified copy of the original materials shall remain in the legal custody of the Archivist and shall be returned to the Archivist upon direction of the incoming President, further order of this Court, or a further stipulation by all of the signatories hereto.

5. The White House shall make provisions to ensure that, if the incoming President or his designee requests to inspect the original materials in connection with this litigation, the Archivist shall permit the incoming President or his designee to inspect the original materials at the NARA facility in Washington, D.C., as expeditiously as possible.

6. Nothing in this Stipulation and Order enlarges or restricts the rights and obligations of the parties under the PRA.

**SO STIPULATED**

_/s/ Irvin B. Nathan_____
Irvin B. Nathan
General Counsel
U.S. House of Representatives
On behalf of the Plaintiff

_/s/ John R. Tyler_____
John R. Tyler
Assistant Branch Director
Civil Division, Federal Programs Branch
U.S. Department of Justice
On behalf of Defendants

**SO ORDERED**

/s/ John D. Bates
―――――――――――――
John D. Bates
United States District Judge


Dated: January 13, 2009